UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT <br> 1250 Connecticut Avenue, N.W. <br> Suite 700 <br> Washington, D.C. 20036 <br><br> and <br><br> BRIAN J. KAREM <br> 22 West Jefferson Street <br> Suite 309 <br> Rockville, Maryland 20855 <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530-0001 <br><br> Defendant. | Civil Action No: 25-00666 (LLA) |

**FIRST AMENDED COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for expedited processing and production of agency records sought by the Plaintiffs The James Madison Project and Brian J. Karem from the Defendant Department of Justice.

**JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Brian J. Karem ("Karem") is an award-winning investigative reporter and is an acknowledged representative of the news media.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records that were requested by the Plaintiffs in this action.

## FACTS

6. This FOIA lawsuit seeks expedited processing and production of requested non-exempt U.S. Government records. This lawsuit seeks to provide the American public with insight regarding the specific allegedly classified records that originally served as the basis for the criminal prosecution of then-former President Donald J. Trump ("Mr. Trump") by then-Special Counsel Jack Smith ("Mr. Smith") in the U.S. District Court for the Southern District of Florida. To date, the public has never seen the actual records that were the subject of that criminal prosecution, let alone the entirety of the allegedly classified records originally seized by the Federal Bureau of Investigation ("FBI") at Mr. Trump's properties.

7. In the wake of Mr. Trump's victory in the 2024 presidential election, the criminal case against him that was brought by Mr. Smith in the U.S. District Court for the Southern District of Florida was ended. *https://thehill.com/regulation/court-battles/5010990-trump-classified-documents-case-dropped/*. That criminal case,

originally unsealed on June 9, 2023, alleged violations of federal criminal law concerning, among other things, the unlawful retention of national defense information, namely boxes of allegedly classified documents that had been stored at the Mar-a-Lago resort ("MAL") without authorization and in an unsecured location. *https://www.nbcnews.com/politics/read-full-indictment-text-classified-document-probe-rcna88600*.

8. Pursuant to DOJ regulations, Mr. Smith drafted a report for the U.S. Attorney General explaining the basis for the charges he brought in that case and why he declined to bring other charges he might have been considering. This report, known as Volume II, has not yet been made public. *https://lawandcrime.com/high-profile/no-valid-justification-cannon-slams-dojs-urgent-desire-to-release-jack-smiths-full-trump-report-based-on-a-non-existent-historical-practice/*; *https://www.nytimes.com/2025/02/24/us/trump-documents-report.html*.

9. On February 28, 2025, Mr. Trump, as well as several of his senior aides, confirmed that the boxes of documents that were seized from MAL and which served as the premise of the criminal case had been returned to MAL. *https://www.cnn.com/2025/02/28/politics/trump-seized-boxes-returned-air-force-one/index.html*. Mr. Trump stated that the boxes were going to be part of his future presidential library. *Id*. White House Communications Director Steven Cheung stated the boxes contained "personal items that belong to the president". *Id*. Alina Habba, Counselor to the President, stated that the documents were Mr. Trump's "personal items". *Id*.

10. Throughout the criminal case, Mr. Trump's lawyers repeatedly argued in court filings that the documents at issue had (a) been completely declassified by Mr. Trump prior to his departure from the White House after the completion of his first term in

3

office, and (b) had been designated as "personal records" by Mr. Trump as well. *https://www.pbs.org/newshour/politics/trumps-lawyers-call-for-dismissal-of-classified-documents-case-citing-presidential-immunity*; *https://www.palmbeachpost.com/story/news/trump/2024/03/14/donald-trump-attorneys-in-mar-a-lago-classified-documents-case-urge-judge-aileen-cannon-drop-charges/72941863007/*; *https://www.nbcnews.com/politics/donald-trump/trump-allies-say-declassified-mar-lago-documents-experts-say-unclear-w-rcna42311*.

11. Given the clear statements, both in social media posts and in legal filings, by Mr. Trump, his lawyers, and White House staff, it is reasonable to conclude the allegedly classified records have in fact been officially declassified. Public photographs of the boxes being loaded onto Air Force One do not show any indication that the boxes were being transported in an approved manner for classified records. *https://www.cnn.com/2025/02/28/politics/trump-seized-boxes-returned-air-force-one/index.html*. There is no indication the records are being stored in a secure location at MAL. Accordingly, it is reasonable to conclude that agency copies of those records which remain in the Government's possession are no longer being treated as classified.

12. The American public deserves to see for themselves the records that were retrieved from Mr. Trump's possession during the previous administration and which ultimately resulted in the since-abandoned criminal case. That criminal case reflected the first time in the history of this Nation that a former president had been charged for criminal violations tied to mishandling classified records. If the criminal case had been permitted to reach its conclusion, it would have implicated and possibly resolved several untested legal theories regarding the powers and authorities of a former president,

specifically with respect to records that may potentially be subject to the Presidential Records Act instead of the Federal Records Act. The public was deprived of this resolution given Mr. Trump's re-election to a non-consecutive second term as President of the United States. However, in light of Mr. Trump's recent actions to return the records to MAL, as well as his clear assertion the records were never classified in the first place, the public may now finally get to see for themselves the type of records Mr. Trump had stored in locations such as a personal bathroom and a ballroom. The interests of transparency require nothing less.

**FIRST CAUSE OF ACTION (EXPEDITED PROCESSING)**

13. The plaintiffs, JMP and Karem (hereinafter referred to jointly as the "Plaintiffs"), repeat and reallege the allegations contained in paragraphs 6 through 12 above, inclusive.

14. By letter dated March 5, 2025, the Plaintiffs submitted a FOIA request to the DOJ Office of Information Policy as the proper recipient of requests for records maintained by the Office of the Attorney General. The FOIA request sought copies of the entirety of records that were located at MAL or were otherwise retrieved from Mr. Trump, as well as any written summaries or lists of the allegedly classified documents. Identical versions of this FOIA request were also submitted to DOJ's National Security Division, Criminal Division and the FBI, as well as the National Archives and Records Administration.

15. The FOIA request noted the Plaintiffs were asking for expedited processing and provided sufficient information to justify their request.

16. By way of a letter dated March 6, 2025, DOJ denied expedited processing. The request was designated as FOIA-2025-02984.

17. The Plaintiffs have exhausted all required administrative remedies to seek expedited processing.

**SECOND CAUSE OF ACTION (DISCLOSURE)**

18. The Plaintiffs repeat and reallege the allegations contained in paragraphs 6 through 12 above, inclusive.

19. By letter dated March 5, 2025, the Plaintiffs submitted a FOIA request to the DOJ Office of Information Policy as the proper recipient of requests for records maintained by the Office of the Attorney General. The FOIA request sought copies of the entirety of records that were located at MAL or were otherwise retrieved from Mr. Trump, as well as any written summaries or lists of the allegedly classified documents. The FOIA request noted the Plaintiffs were asking for expedited processing and provided sufficient information to justify their request.

20. By way of a letter dated March 6, 2025, the request was designated as FOIA-2025-02984.

21. No substantive response has been received from the DOJ Office of Information Policy. The Plaintiffs have constructively exhausted all required administrative remedies.

**THIRD CAUSE OF ACTION (DISCLOSURE)**

22. The Plaintiffs repeat and reallege the allegations contained in paragraphs 6 through 12 above, inclusive.

23. By letter dated March 5, 2025, the Plaintiffs submitted a FOIA request to DOJ's National Security Division. The FOIA request sought copies of the entirety of records that were located at MAL or were otherwise retrieved from Mr. Trump, as well as any written summaries or lists of the allegedly classified documents. The FOIA request noted

the Plaintiffs were asking for expedited processing and provided sufficient information to justify their request.

24. No substantive response has been received from DOJ's National Security Division. The Plaintiffs have constructively exhausted all required administrative remedies.

## FOURTH CAUSE OF ACTION (DISCLOSURE)

25. The Plaintiffs repeat and reallege the allegations contained in paragraphs 6 through 12 above, inclusive.

26. By letter dated March 5, 2025, the Plaintiffs submitted a FOIA request to the DOJ Criminal Division. The FOIA request sought copies of the entirety of records that were located at MAL or were otherwise retrieved from Mr. Trump, as well as any written summaries or lists of the allegedly classified documents. The FOIA request noted the Plaintiffs were asking for expedited processing and provided sufficient information to justify their request.

27. No substantive response has been received from the Criminal Division. The Plaintiffs have constructively exhausted all required administrative remedies.

## FIFTH CAUSE OF ACTION (DISCLOSURE)

28. The Plaintiffs repeat and reallege the allegations contained in paragraphs 6 through 12 above, inclusive.

29. By letter dated March 5, 2025, the Plaintiffs submitted a FOIA request to the Federal Bureau of Investigation ("FBI"). The FOIA request sought copies of the entirety of records that were located at MAL or were otherwise retrieved from Mr. Trump, as well as any written summaries or lists of the allegedly classified documents. The FOIA request

noted the Plaintiffs were asking for expedited processing and provided sufficient information to justify their request.

30. No substantive response has been received from the FBI. The Plaintiffs have constructively exhausted all required administrative remedies.

WHEREFORE, Plaintiffs The James Madison Project and Brian J. Karem request that the Court award them the following relief:

(1) Order the Defendant to grant the Plaintiffs expedited processing for their FOIA requests;

(2) Order the Defendant to process and release to the Plaintiffs copies of non-exempt records responsive to the Plaintiffs' FOIA requests;

(3) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date: April 3, 2025

                                Respectfully submitted,

                                /s/ _____
                                Bradley P. Moss, Esq.
                                D.C. Bar #975905
                                Mark S. Zaid, Esq.
                                D.C. Bar #440532
                                 Mark S. Zaid, P.C.
                                1250 Connecticut Avenue, N.W.
                                Suite 700
                                Washington, D.C. 20036
                                (202) 907-7945
                                (202) 558-4432 fax
                                Brad@MarkZaid.com
                                Mark@MarkZaid.com

                                Attorneys for the Plaintiffs