# MARK S. ZAID, P.C.
### ATTORNEY-AT-LAW

1250 CONNECTICUT AVENUE, N.W.
SUITE 700
WASHINGTON, DC 20036
_____

FACSIMILE: (202) 330-5610
www.MarkZaid.com

MARK S. ZAID, MANAGING PARTNER (admitted in CT, DC, MD, NY)
    E-MAIL: MARK@MARKZAID.COM
BRADLEY P. MOSS, PARTNER (admitted in DC, IL)
    E-MAIL: BRAD@MARKZAID.COM
ILANA S. GREENSTEIN, OF COUNSEL (admitted in DC, MD)
    E-MAIL: ILANA@MARKZAID.COM
ANDREW P. BAKAJ, SPECIAL OF COUNSEL (admitted in DC, NJ)
    E-MAIL: ANDREW@MARKZAID.COM

March 5, 2025

VIA E-MAIL/FOIA PORTAL

Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
6th Floor
441 G St NW
Washington, D.C. 20530

Arnetta Mallory
Government Information Specialist
National Security Division
Department of Justice
3 Constitution Square
175 N Street N.E., 12th Floor
Washington, D.C. 20530-0001

Christina Butler
Chief, FOIA/PA Unit
Criminal Division
Department of Justice
Room 803, Keeney Building
Washington, D.C. 20530-0001

Michael G. Seidel
Section Chief
Records/Information Dissemination Section
Federal Bureau of Investigation
200 Constitution Drive
Winchester, Virginia 22602

Re: FOIA Request

Dear Mr. Hibbard, Chief Sidel and Ms. Butler & Mallory:

 This is a request on behalf of The James Madison Project ("JMP") and Brian J. Karem (hereinafter referred to jointly as "the Requesters") under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* For the sake of completeness given the uncertainty of which Department of Justice ("DOJ") component might retain responsive records, identical versions of this request are being submitted to the Department of Justice's Office of Information Policy (on behalf of the Office of the Attorney General), the DOJ National Security Division, the DOJ Criminal Division, and the Federal Bureau of Investigation.

 In the wake of President Donald Trump's victory in the 2024 presidential election, the criminal case against him that was brought by then-Special Counsel Jack Smith in the U.S. District Court for the Southern District of Florida was ended. *https://thehill.com/regulation/ court-battles/5010990-trump-classified-documents-case-dropped/*. That criminal case, originally unsealed on June 9, 2023, alleged violations of federal criminal law concerning, among other things, the unlawful retention of national defense information, namely boxes of allegedly classified documents that had been stored at the Mar-a-Lago resort without authorization and in an unsecured location. *https://www.nbcnews.com/politics/read-full-indictment-text-classified-document-probe-rcna88600*.

 Pursuant to Department of Justice regulations, Special Counsel Smith drafted a report for the U.S. Attorney General explaining the basis for the charges he brought in that case and why he declined to bring other charges he might have been considering. This report, known as Volume II, has not yet been made public. *https://lawandcrime.com/high-profile/no-valid-justification-cannon-slams-dojs-urgent-desire-to-release-jack-smiths-full-trump-report-based-on-a-non-existent-historical-practice/*; *https://www.nytimes.com/2025/02/24/us/trump-documents-report.html*.

 On February 28, 2025, President Trump, as well as several of his senior aides, confirmed that the boxes of documents that were seized from Mar-a-Lago and which served as the premise of the criminal case had been returned to Mar-a-Lago. *https://www.cnn.com/2025/02/28/ politics/trump-seized-boxes-returned-air-force-one/index.html*. President Trump stated that the boxes were going to be part of his future presidential library. *Id.* White House Communications Director Steven Cheung stated the boxes contained "personal items that belong to the president". *Id.* Aliba Habba, Counselor to the President, stated that the documents were President Trump's "personal items". *Id.*

 Throughout the criminal case, President Trump's lawyers repeatedly argued in court filings that the documents at issue had (a) been completely declassified by President Trump prior to his departure from the White House after the completion of his first term in office, and (b) had been designated as "personal records" by President Trump as well. *https://www.pbs.org/newshour/ politics/trumps-lawyers-call-for-dismissal-of-classified-documents-case-citing-presidential-immunity; https://www.palmbeachpost.com/story/ news/trump/2024/03/14/donald-trump-*

*attorneys-in-mar-a-lago-classified-documents-case-urge-judge-aileen-cannon-drop-charges/72941863007/; https://www.nbcnews.com/politics/donald-trump/trump-allies-say-declassified-mar-lago-documents-experts-say-unclear-w-rcna42311.*

The Requesters request Department of Justice copies of the following categories of records:

1)  The entirety of the allegedly classified documents that were located at Mar-a-Lago or that were otherwise retrieved by the U.S. Government from then-former President Trump, specifically including, but not limited to, the allegedly classified records that were identified by Special Counsel Smith in the criminal indictment of President Trump;

2)  Any written summaries or lists of the allegedly classified documents encompassed by line item #1, including, but not limited to, descriptions of the classification level of individual documents, the originating agency of individual documents, and the date upon which individual documents were originally provided to President Trump during his first term in office.

Given the clear statements, both in social media posts and in legal filings, by President Trump, his lawyers, and White House staff, it is reasonable to conclude the allegedly classified records have in fact been officially declassified. Public photographs of the boxes being loaded onto Air Force One do not show any indication that the boxes were being transported in an approved manner for classified records. *https://www.cnn.com/2025/02/28/ politics/trump-seized-boxes-returned-air-force-one/index.html*. There is no indication the records are all being stored in a secure location at Mar-a-Lago resort. Accordingly, the Government can no longer rely upon FOIA Exemption One as a basis to withhold in full or redact in part copies of those records which remain in the Government's possession.

We are requesting a waiver of all or, at a minimum, a reduction in fees. The Requesters both qualify for designation as representatives of the media.

JMP is a non-partisan organization dedicating to promoting government accountability and the reduction of secrecy. JMP is frequently designated as a representative of the news media in FOIA actions. JMP has a proven long-standing track record of coordinating the publication of original works in reliance upon FOIA documentation. See e.g., *https://www.nbcnews.com/ politics/politics-news/u-s-ethics-office-struggled-gain-access-trump-team-emails-n704146; https://www.thedailybeast.com/border-patrol-ordered-to-block-congressmen-during-travel-ban*.

Mr. Karem is an award-winning investigative reporter. *https://www.harpercollins.com/cr-109986/brian-j-karem*; *https://www.washingtonpost.com/ news/arts-and-entertainment/wp/2017/06/28/i-dont-like-bullies-reporter-explains-why-he-confronted-sarah-huckabee-sanders/?noredirect=on&utm _term=.a60cc22d3df4*.

According to 5 U.S.C. § 552(a)(4)(A)(ii),

> the term 'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

The Requesters can demonstrate their intent and ability to publish or otherwise disseminate information to the public, see Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381, 1386 (D.C. Cir. 1989). The documentation secured through this FOIA request will be turned into original works published by Mr. Karem. Please be advised that both JMP and Mr. Karem have been recognized numerous times as representatives of the news media with respect to their past FOIA requests. In the event that fees are ultimately assessed, do not incur expenses beyond $25 without first contacting our office for authorization.

Finally, the Requesters are seeking expedited processing of their FOIA request. FOIA permits expedited processing when a "compelling need" exists. 5 U.S.C. § 552(a)(6)(E)(v). Specifically, "compelling need" means "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." Id. at § 552(a)(6)(E)(v)(II). Pursuant to statute, your office has ten calendar days – or until on or before **March 13, 2025**, to respond to our request for expedited processing. Failure to do so, or a denial of our request, will lead to the filing of a civil action before the U.S. District Court for the District of Columbia.

There should be no dispute that the records that served as the basis for the first ever criminal charges against a former President for allegedly mishandling classified records is of paramount public interest and importance. Stories concerning the classified documents, as well as the status of the Volume II report, continue to proliferate: (1) *https://www.ntd.com/judge-orders-doj-to-submit-volume-2-of-jack-smiths-report-into-trump-probes_1040985.html*; (2) *https://www.ntd.com/judge-blocks-release-of-volume-2-of-jack-smiths-report_1042137.html*; (3) *https://www.judiciary.senate.gov/press/dem/releases/durbin-schiff-judiciary-democrats-request-committee-access-to-volume-ii-of-special-counsel-jack-smiths-report-as-it-pertains-to-kash-patels-nomination-to-lead-the-fbi*; and (4) *https://www.nytimes.com/2025/02/24/us/trump-documents-report.html*.

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. We request that any documents or records produced in response to this request be provided in electronic (soft-copy) form wherever possible. Acceptable formats are .pdf, .jpg, .gif, .tif. Please provide soft-copy records by email or on a CD if email is not feasible. However, the Requesters do not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, the Requesters will accept a paper copy of responsive records.

As you know, your agency has twenty working days to substantively respond to this request. Your failure to do so, or a denial of our request, will result in the filing of a civil action before the U.S. District Court for the District of Columbia.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me at (202) 498-0011 or via e-mail at Mark@MarkZaid.com.

Sincerely,

*s/Mark S. Zaid*

Mark S. Zaid