UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 25-0666 (LLA) |

**JOINT STATUS REPORT**

Pursuant to the Court's November 13, 2025, Minute Order, Plaintiffs, The James Madison Project and Brian J. Karem (collectively the "Plaintiffs"), and Defendant, the Department of Justice ("Department"), respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") action.

1. The Amended Complaint (ECF No. 6) refers to substantively identical FOIA requests submitted to the Department's Office of Information Policy ("OIP"), National Security Division ("NSD"), Criminal Division ("CRM"), and the Federal Bureau of Investigation ("FBI"). The FOIA requests were submitted on or about March 5, 2025, and sought the following records, as described more fully therein:

    (a) The entirety of the allegedly classified documents that were located at Mar-a-Lago or that were otherwise retrieved by the U.S. Government from then-former President Trump, specifically including, but not limited to, the allegedly classified records that were identified by Special Counsel Smith in the criminal indictment of President Trump;

    (b) Any written summaries or lists of the allegedly classified documents encompassed by line item #1, including, but not limited to, descriptions of the classification level of individual documents, the originating agency of individual documents, and the date upon which individual documents were originally provided to President Trump during his first term in office.

2. Defendant reports as follows:

   a. OIP: OIP has completed its initial searches of both unclassified and classified SCO records systems and begun the initial processing of potentially responsive material, which will include sending material, as necessary, to other Executive Branch entities for consultation on their equities. OIP anticipates providing an initial response to Plaintiffs on or around January 20, 2026, and expects to provide further rolling responses thereafter.

   b. NSD: NSD does not maintain a copy of the records requested in Part 1. NSD completed its search for Part 2 and continues to conduct its responsiveness review and processing of records. NSD referred potentially responsive records to the Department of Justice's Office of Information Policy and referred potentially responsive classified records to the Federal Bureau of Investigation.

   c. CRM: CRM issued a final determination on March 13, 2025, explaining that the request was misdirected and should be processed by FBI, NSD, and OIP. It has no further updates.

   d. FBI: FBI made a release of previously consulted records on November 28, 2025. In that release, 138 pages were reviewed, and 138 pages were released in whole or in part. All other records remain consulted to OGAs. FBI continues to follow-up with these agencies.

    e. Defendant believes it is premature to determine whether a *Vaughn* index or dispositive motion will be necessary in this case. With respect to Plaintiffs' position in paragraph 3 below, Defendant provides its position in paragraphs 4-5 of this report.

3. The Plaintiffs report as follows:

    a. While the Plaintiffs appreciate the stated continuing efforts of the Defendants to respond to their FOIA requests and this litigation, the above description leads much to be answered and desired, especially after knowing about this Joint Status Report for a month. It is particularly imperative that as agencies/components respond to this litigation they keep track of and inform the Plaintiffs of consultations and referrals, especially since multiple agencies/components might be involved.

    b. **OIP** – How many potentially responsive records were identified by the search? Have records already been transferred to other agencies/components for consultation? If so, how many and to which? How many records did OIP receive from NSD and what is the status of that referral? Does OIP even take the position it has any authority to release relevant information unilaterally? How often does it anticipate rolling releases to occur?

    c. **NSD** – How many records in Part 2 were already identified as potentially responsive and then referred to OIP and FBI? Has NSD completed its substantive role with respect to those records referred to the OIP and FBI? When does NSD anticipate completing its search for Part 2 records?

    d. **FBI** – How many records were identified as potentially responsive and sent for consultations with other agencies? What other agencies were sent records for consultation? When are those responses due back to the FBI, or are those agencies directly responding to the Plaintiffs? Has FBI completed its substantive role with respect to those records sent for consultation?

4. The Defendant disagrees that this Joint Status Report is an avenue for posing questions that are more efficiently resolved through conferral between the Parties. Further, Defendant has not had sufficient time to respond to these questions, which it received on the day of filing. The Defendant is willing to provide additional information to Plaintiffs in connection with their questions as part of a conferral between the Parties and in an effort to narrow issues in dispute. Defendant submits that that is a more efficient approach than prematurely airing issues before the Court that ultimately may not require resolution by the Court, or that would be premature for the Court to resolve at this stage of the litigation. Further, there is no basis at this time for the Court to impose a firm response date on Defendant, and certainly not one over the holiday period as Plaintiffs request below.

5. The Defendant respectfully requests that the Parties be permitted to file a further Joint Status Report on or before February 10, 2026, to report to the Court as to the status of processing, and that the Court decline Plaintiffs' request to schedule a status conference at this time.

6. The Plaintiffs expect when they have status reports due to the Court that the Defendants will actually and timely provide helpful and concrete updates, particularly given they are the party controlling access to all the information. That is not what happened here.

In fact, the Plaintiffs did not hear from the Defendants until yesterday for the first time when they provided the above information which prompted the questions. Therefore, any criticisms they have stems from their own failure to reasonably and timely cooperate. Respectfully, the Plaintiffs request the scheduling of a Status Conference (virtual/telephonic is acceptable if easier) at a date and time convenient for the Court to discuss the above, and/or otherwise requests that the Defendants provide a more detailed Status Report answering at least the questions above, particularly with firm response dates with the consultations/referrals, by on or before December 30, 2025.

\* \* \*

| | |
|---|---|
| Dated: December 12, 2025<br>Washington, D.C.<br><br>/s/ Mark S. Zaid<br>Mark S. Zaid, Esq.<br>D.C. Bar #440532<br>Bradley P. Moss, Esq.<br>D.C. Bar #975905<br>Mark S. Zaid, P.C.<br>1250 Connecticut Ave., N.W.<br>Ste. 700<br>Washington, D.C. 20036<br>(202) 498-0011<br>Mark@MarkZaid.com<br>Brad@MarkZaid.com<br><br>*Counsel for Plaintiffs* | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:   *Amanda L. Torres*<br>    AMANDA L. TORRES<br>    Assistant United States Attorney<br>    601 D Street, N.W.<br>    Washington, D.C. 20530<br>    (202) 252-2507-4742<br><br>*Attorneys for the United States of America* |