UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 25-0666 (LLA) |

**JOINT STATUS REPORT**

Pursuant to the Court's November 13, 2025, Minute Order, Plaintiffs, The James Madison Project and Brian J. Karem (collectively the "Plaintiffs"), and Defendant, the Department of Justice ("Department"), respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") action.

1.      The Amended Complaint (ECF No. 6) refers to substantively identical FOIA requests submitted to the Department's Office of Information Policy ("OIP"), National Security Division ("NSD"), Criminal Division ("CRM"), and the Federal Bureau of Investigation ("FBI"). The FOIA requests were submitted on or about March 5, 2025, and sought the following records, as described more fully therein:

(a) The entirety of the allegedly classified documents that were located at Mar-a-Lago or that were otherwise retrieved by the U.S. Government from then-former President Trump, specifically including, but not limited to, the allegedly classified records that were identified by Special Counsel Smith in the criminal indictment of President Trump;

(b) Any written summaries or lists of the allegedly classified documents encompassed by line item #1, including, but not limited to, descriptions of the classification level of individual documents, the originating agency of individual documents, and the

date upon which individual documents were originally provided to President Trump during his first term in office.

2. The Parties submit the following updates since the filing of the last Status Report.

3. <u>Defendants</u>:

   a. Plaintiff accepted Defendants' proposal to narrow request no. b which would exclude from processing lists/summaries of documents to the extent they appear in public court filings or privileged drafts (attorney-client, attorney work product) of legal filings thereof.

   b. OIP: OIP has completed the initial processing of potentially responsive material identified during its searches and circulated that material for consultation with other Executive Branch entities, as necessary. As previously reported, OIP issued its first interim response to Plaintiff on January 29, 2026. OIP expects to issue further interim responses as consultations are completed. Regarding the material that was referred to OIP by NSD, OIP anticipates issuing its response as to that material within the next three weeks. Plaintiff requested further information from OIP, specifically whether it anticipated whether the release will be responsive pages or just notification of referrals or withholdings. OIP responds that it does not have that information at this time but that Plaintiff should await OIP's further response.

   c. NSD: NSD has issued its final response related to the underlying FOIA request (NSD FOIA #25-305) and does not have any current or known pending consultations/referrals from other agencies or components regarding this request.

d.  CRM: CRM issued a final determination on March 13, 2025, explaining that the request was misdirected and should be processed by FBI, NSD, and OIP. It has no further updates.

e.  FBI: FBI has made three releases so far. On January 30, 2026 - 250 pages were reviewed. On February 27, 2026 - 251 pages were reviewed. On March 31, 2026, - 252 pages were reviewed. So, thus far 753 pages were reviewed and 753 pages are currently under consultation.  The FBI cannot disclose which agencies are being consulted and FBI has no control over how quickly those agencies review the records.

f.  Defendant believes it is premature to determine whether a *Vaughn* index or dispositive motion will be necessary in this case.

g.  Defendant's Response to Plaintiff's issues identified in dispute:

A status conference is premature and unnecessary, because Defendants have continued processing of Plaintiff's FOIA request at a reasonable pace. The nature of Plaintiff's request entails sensitive and classified information, which must be carefully reviewed. Defendants have provided responses with agency updates and progress throughout the course of this litigation.

Further, Defendants are "enjoined from releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice or otherwise distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof." *See* Order on Unopposed Motions Seeking Prohibition on

3

Release of Volume II, *United States of America v. Donald J. Trump, Waltine Nauta, and Carlos De Oliveira*, Case No. 23-80101-CR-CANNON, February 23, 2026 ECF 779 at ¶ 3.

i. **Processing and Prioritization**: Plaintiff assumes it is entitled to receive records simply because it filed a FOIA request. The pure nature of the request implicates a variety of stakeholders, deliberative process and work product privileges, sensitive and classified information, and records requiring careful review. Such review by various agency components requires time and care to complete.

As previously explained in Defendants' Opposition to Plaintiff's Motion for Expedited Processing, (ECF No. 17), this is not a case of a FOIA request that simply seeks a single document that could easily be retrieved; rather, it demands that multiple different components of the Department scour their records for "[t]he entirety of the allegedly classified documents that were located at Mar-a-Lago" as well as for "[a]ny written summaries or lists of the allegedly classified documents" that were "located at Mar-a-Lago or that were otherwise retrieved by the U.S. Government from then-former President Trump." FOIA Request (ECF No. 15-2) at 3.

Plaintiffs explicitly stated that their request is "not limited to[ ] the allegedly classified records that were identified by Special Counsel Smith in the criminal indictment of President Trump." *Id.*

ii. **Consultations**: It is well understood and recognized by the FOIA statute that interagency consultations will likely have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for which agencies can invoke unusual circumstances and extend the time to respond. 5 U.S.C § 552(a)(6)(B)(iii)(III); *see also ACLU of Mass., Inc. v. CIA*, No. 22-11532, 2023 WL 3394485, at *7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies."). The statute does not specify a date certain by which the component or agency must complete a consultation.

In *National Public Radio, Inc. v. Department of Treasury*, Civil A. No. 19-0017, 2021 WL 1850696 (D.D.C. Mar. 31, 2021), a requester moved to compel the Treasury to produce records notwithstanding the agency's outstanding interagency consultation requests. Because of "the countervailing interests at stake which may require input from agencies outside Treasury," the Court declined to order the government to produce the records that remained under consultation. *Id*. at *1–2. Further, the dispute about the pace of the consultation in that case came two years and two months after that plaintiff had filed suit, whereas here

4

Plaintiffs' lawsuit has been pending for slightly more than a year. *See* Am. Compl. (ECF No. 6). Plaintiffs' request for a status conference is therefore even less meritorious than the motion filed in *National Public Radio*.

iii. **FBI processing**: FBI continues to process documents at a rate of approximately 250 pages per month in this litigation—all of which are now under consultation. The Court has not ordered the FBI to process pages at a higher rate, and doing so is unnecessary given the fact that the FBI has processed documents consistently since January 2026, various stakeholders must also review the documents, and Defendants must continually be mindful of Judge Cannon's order described above.

4. Plaintiff:

a. In the Court's Minute Order dated February 2, 2026, it was noted that if "Plaintiffs continue to assert in the March 31, 2026 joint status report that a status conference is warranted, they shall provide a short description of the specific issues in dispute, and both parties shall provide their respective positions on each issue in no more than one paragraph per party per issue." The Plaintiffs respectfully continue to request a Status Conference to discuss the progress of this litigation and set a firmer schedule regarding the following issues below.

b. **Processing:** The processing of this case is moving at a snail's pace, which is even slower than normal for FOIA cases. This lawsuit is now more than a year old, Dkt. 1 (filed March 6, 2025), but to date the Plaintiffs have received 0 pages. Not even a partially redacted page from among the thousands that are responsive (and said to be unclassified per public statements). While the Plaintiffs have no doubt regarding the excessive workload of each Defendant agency - a factor outside of the control of the Plaintiffs - they have respectfully provided no substantive information to the Court to justify these continuing

delays and lack of significant progress. At some point, given statutory obligations and rights are at stake, the line should be deemed crossed into one of unfairness. Additionally, the Plaintiffs dispute that the Honorable Aileen Cannon's Order identified in 3(g) precludes production of any documents subject to this FOIA lawsuit and to the extent this is a legitimate issue it should be briefed outright, not debated in a Joint Status Report.

c. **Consultations:** The agencies assert they have made "releases but consultations are not the equivalent of "releases". Despite requests to receive specific details, no substantive information has been provided to the Plaintiffs beyond that the process is ongoing as described above. We have no idea which agencies are involved, what deadlines have been set (if any) for internal responses, or any type of anticipated release schedule. The Plaintiffs are seemingly perpetually trapped at the whims of the named Defendants and unknown agencies with no recourse until the Court intervenes.

d. **Prioritization**: Even though the Plaintiffs have made it clear to the Defendants to respectfully prioritize the processing and release of any non-exempt information that is responsive to (a) above (those records identified in Dkt. 15-7) and that it would be enormously helpful for purposes of the efficiency of the litigation if the Defendants would identify the specific records where determinations have been made, i.e., which actual records as identified in Dkt. 15-7 have been addressed, absolutely no evidence exists that this consideration is underway or that any progress has been made. Had there been even some piece-meal releases of information the Plaintiffs would be far more willing to

demonstrate patience, but the passage of one year without a single released page is respectfully unacceptable.

e. **FBI processing:** With respect to FBI, the Plaintiffs have never agreed to the current processing pace of approximately 250 pages per month, which is not even the customary 500 pages per month that we routinely see in FOIA lawsuits over the past decade. Nor has the Court explicitly authorized this slower pace.

5.      The Defendant respectfully requests that the Parties be permitted to file a further Joint Status Report on or before May 1, 2026, to report to the Court as to the status of processing, and that the Court decline Plaintiffs' request to schedule a status conference at this time.

6.      The Plaintiffs respectfully request a status conference be scheduled at the Court's convenience (virtual is perfectly acceptable if preferred) in April 2026 to discuss the issues identified above.

*    *    *

Dated:  March 31, 2026
        Washington, D.C.

/s/ Mark S. Zaid
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W.
Ste. 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

Counsel for Plaintiffs

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:    Amanda L. Torres
AMANDA L. TORRES
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2507-4742

Attorneys for the United States of America