**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE JAMES MADISON PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 25-0666 (LLA) |

**JOINT STATUS REPORT**

Pursuant to the Court's May 6, 2026, Minute Order, Plaintiffs, The James Madison Project and Brian J. Karem (collectively the "Plaintiffs"), and Defendant, the Department of Justice ("Department"), respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") action.

1.      The Amended Complaint (ECF No. 6) refers to substantively identical FOIA requests submitted to the Department's Office of Information Policy ("OIP"), National Security Division ("NSD"), Criminal Division ("CRM"), and the Federal Bureau of Investigation ("FBI"). The FOIA requests were submitted on or about March 5, 2025, and sought the following records, as described more fully therein:

(a) The entirety of the allegedly classified documents that were located at Mar-a-Lago or that were otherwise retrieved by the U.S. Government from then-former President Trump, specifically including, but not limited to, the allegedly classified records that were identified by Special Counsel Smith in the criminal indictment of President Trump;

(b) Any written summaries or lists of the allegedly classified documents encompassed by line item #1, including, but not limited to, descriptions of the classification level of individual documents, the originating agency of individual documents, and the

date upon which individual documents were originally provided to President Trump during his first term in office.

2.    The Parties submit the following updates since their Status Conference appearance on May 4, 2026.

3.    <u>Plaintiff</u>:

    a.  In the Court's Minute Order dated May 6, 2026, it was required that "Defendant to consult with agency counsel regarding what percentage of FBI documents have been processed (B1 exemptions or any other threshold exemptions). Plaintiff to tender list of priorities. Joint Status Report due by 6/3/2026 wherein the parties will propose agreed on or dueling views and a recommendation on how to proceed. The court encouraged the parties to meet and confer in good faith." Notwithstanding continuing good faith conversations between counsel for the Parties, the Plaintiffs have complied with the requirements imposed upon them,  but unfortunately have nothing to show as a result. Indeed, to date, still not a single page has been released even though this case is now fifteen months old.

    b.  **Prioritization:** By e-mail dated May 18, 2026, and in reference to Dkt. 15-7, the Plaintiffs provided Defendants with their processing prioritization list (in order of first to last) of the documents that were denoted marked as classified: Item #1, 19, 18, 14, 23, 4, 13, 15, 25, 11, 10, 29, 26, 28, 2. It was noted that some of these boxes literally contain only one or two CONFIDENTIAL or SECRET documents and that the Defendant should prioritize within these boxes those documents that are the fewest pages. Therefore, for example, if one

box has a CONFIDENTIAL document that is 28 pages long versus one that is only 2 pages, the 2 pager should be processed first. We informed the Defendant that the Plaintiffs are looking to make its efforts as least complicated as possible.

c. **Proposed Next Steps:** By e-mail dated May 29, 2026, Defendant's counsel notified Plaintiffs' counsel that "[b]ecause these documents are pending on consultation with the Intelligence Community and given that OIP is not the original classification authority for these documents, we are not yet in position to determine whether Exemption 1 applies." The Defendant asked for more time to address the classification issue. Respectfully, the Plaintiffs have exhausted their patience waiting for any substantive responses from the Defendant and have little to zero trust that anything meaningful is forthcoming. Therefore, the Plaintiffs are planning to file on or before Monday, June 15, 2026, a Motion for Partial Summary Judgment asserting that the Defendant, via decision(s) issued by the President of the United States, has waived or otherwise removed in its entirety the applicability of Exemption 1 from any document responsive to the Plaintiffs' FOIA request.

d. Additionally, by letter dated May 15, 2026, OIP formalized what it told the Court in the Parties' last Joint Status Report, Dkt. 22, and notified the Plaintiffs in relevant part that it had "reviewed additional material responsive to your request located during our search. This material is included in appendices to Volume II of the Report of Special Counsel Jack Smith. At this time, I have determined that this material should be withheld in full because it is protected

from disclosure by a court order issued on February 23, 2026 by the United States District Court for the Southern District of Florida, West Palm Beach Division. In this instance, the Office of Information Policy lacks authority to consider the releasability of this information under the FOIA." While the Plaintiffs have no sense of what "additional material" this letter refers to or how it impacts the prioritization effort that is separately underway (and respectfully requests that the Court order the Defendant to provide appropriate clarification), this issue is now ripe for judicial intervention. Given this position is one for which the Defendant bears the burden to prove and is clearly a significant substantive impediment to the continuation of this case, it is the Plaintiffs' request that the Court respectfully order the Defendant to file the appropriate Motion by on or before June 30, 2026. Alternatively, the Plaintiffs are willing to do so by that same date in order to ensure this case progresses expeditiously.

4.    <u>Defendants' Responses to Plaintiffs</u>:

**<u>Response to Plaintiff's Section (a)</u>:**

    i. Plaintiff is not entitled to the "release" of anything. If information is exempt, it will be withheld.

**<u>Response to Plaintiff's Section (b)</u>:**

    i. OIP does not have the documents referred to in this paragraph. The only outstanding material OIP has includes various lists/summaries pertaining to the underlying documents. This prioritization is only relevant as it pertains to the FBI.

**Response to Plaintiff's Sections (c) and (d):**

      i.   Defendants are waiting to confirm whether the FBI is the OCA for any of the underlying documents. Further, the additional material is material included in appendices to Volume II. Volume II cannot be released. Defendant disagrees that this matter is ripe for judicial intervention.

*   *   *

Dated:  June 3, 2026
      Washington, D.C.

/s/ Mark S. Zaid
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W.
Ste. 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

*Counsel for Plaintiffs*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   *Amanda L. Torres*
AMANDA L. TORRES
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2507-4742

*Attorneys for the United States of America*

5